STATE OF CONNECTICUT *v.* STEVEN M. ASHERMAN

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 5—decision released March 18, 1980

*Anne C. Dranginis,* assistant state's attorney, in support of the motion.

*Maxwell Heiman,* in opposition.

COTTER, C. J. The state moves to dismiss the defendant's appeal from the denial of his motion for a new trial. The following facts are pertinent to a consideration of this motion.

The defendant was indicted for the crime of murder in violation of Connecticut General Statutes § 53a-54a on October 31, 1978. After a trial to a jury, a verdict of guilty of manslaughter in the first degree was returned on August 13, 1979. The trial court granted the defendant's motion of September 6, 1979, for permission to file a motion for a new trial and a motion in arrest of judgment.[1]

The motions for a new trial and in arrest of judgment related to allegations that evidence had come to light which indicated the jury had acted so improperly as to violate the defendant's right to a fair trial. The trial court denied those motions after a hearing on November 23, 1979. Before the defendant was sentenced on his conviction he filed an appeal from the denial of those motions.[2] The state's motion to dismiss this appeal is based on the premise that the Supreme Court lacks jurisdiction to entertain the appeal because the decision appealed from is not a final judgment.

The right of the defendant to appeal is governed by General Statutes § 54-95 and by Practice Book, 1978, § 3000 which provide, inter alia, that an appeal

[1] Permission was sought presumably because, pursuant to Practice Book, 1978, § 903, a motion for a new trial must be filed within five days of the rendition of verdict and some three and a half weeks had passed since the jury's verdict in the present case.

[2] In their respective memoranda of law concerning the motion to dismiss, the parties' arguments are exclusively devoted to the jurisdictional effect of the denial of the motion for a new trial. Thus, we treat, as the parties apparently do, the denial of the motion in arrest of judgment as an issue comprehended by the denial of the motion for a new trial.

lies from a final judgment. We have recently repeated this court's oft-iterated criteria in determining whether a decision is final for purposes of appeal: "If the order or action terminates a separate and distinct proceeding, or if the rights of the parties are concluded so that further proceedings cannot affect them . . . ." *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574. See also *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893; *State* v. *Roberson,* 165 Conn. 73, 82, 327 A.2d 556; *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476. In an effort to conform his case to these criteria, the defendant claims that the denial of his motion is a final judgment because: (1) his motion for a new trial is the equivalent of a petition for a new trial pursuant to General Statutes § 52-270 and thus the trial court's denial of the motion was the termination of a separate and distinct proceeding; and (2) his rights have been so concluded that further proceedings cannot affect them.

It is clear that a judgment rendered upon a petition for a new trial is appealable. See *Aillon* v. *State,* 168 Conn. 541, 542, 363 A.2d 49; *Black* v. *Universal C.I.T. Credit Corporation,* 150 Conn. 188, 189, 187 A.2d 243; *State* v. *Kemp,* 124 Conn. 639, 644, 1 A.2d 761. A motion for a new trial is interlocutory and an appeal lies only from the judgment to which the motion is addressed. *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575–77, 87 A.2d 137; *State* v. *Kemp,* supra. Although the defendant obtained certification for review from the trial court pursuant to General Statutes § 54-95 (b), this tack does not obscure the fact that many of the essentials necessary to support a petition for a new trial are absent. The defendant filed his motion within the technical confines of the docketed criminal case.

No separate civil action was brought.[3] Compare *Aillon* v. *State,* supra; *Reilly* v. *State,* 32 Conn. Sup. 349, 355 A.2d 324. See generally *Hoberman* v. *Lake of Isles, Inc.,* supra, 575–77; *State* v. *Kemp,* supra, 644–45.

The specific distinctions between a petition and a motion for a new trial indicate why judgments rendered upon the former are appealable. The petition is instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which a new trial is sought, it is by its nature a distinct proceeding. The judgment on the petition terminates the suit which renders it final. On the contrary, a motion for a new trial is filed in a case then in progress or pending and is merely a gradation in that case leading to a final judgment. *Hoberman* v. *Lake of Isles, Inc.,* supra, 575–76.

Most importantly, errors which are claimed to have been committed in rendering the judgment on a petition for a new trial are not reviewable on an appeal from the judgment rendered in the action in which a new trial is sought. See *Palverari* v. *Finta,* 129 Conn. 38, 41, 26 A.2d 229; *Husted* v. *Mead,* 58 Conn. 55, 68, 19 A. 233. On the other hand, errors which are claimed in relation to a motion for a new trial may be assigned on the appeal from the judgment rendered in the case in which the motion is made. *Hoberman* v. *Lake of Isles, Inc.,* supra, 577. In the present case, the assignment of error would have to do with alleged jury misconduct

---

[3] The fact that the defendant sought permission to file his motion for a new trial indicates furthermore that the defendant recognized that his request for a new trial constituted a motion for a new trial within the confines of the Practice Book despite his various references to the motion as a request, a motion, and a petition.

and the defendant does not claim that he could not raise this particular claim of error on appeal. The alleged jury misconduct at this point is just one more event during the trial upon which the defendant may argue that a claim of error should be based after judgment is rendered. Thus, the defendant's claim that the denial of his motion for a new trial falls within the category of a separate and distinct proceeding; compare *Dewart* v. *Northeastern Gas Transmission Co.*, 139 Conn. 512, 514, 95 A.2d 381, and the cases cited therein; so as to constitute a final judgment is not persuasive.

The defendant's claim that further proceedings cannot affect the rights he alleges are at issue, namely, the right to a fair trial which includes in the present circumstances the defendant's rights to assistance of counsel, to confront and cross-examine witnesses, and to trial by an impartial jury, is also not compelling. There are "many rulings in the course of an action by which rights are determined which are interlocutory in their nature and reviewable only upon an appeal taken from a judgment later rendered." *State* v. *Kemp,* supra, 643; *France* v. *Munson,* 123 Conn. 102, 107, 192 A. 706. Thus, the word "rights" in the oft-iterated test for finality of judgments—"if the rights of the parties are concluded so that further proceedings cannot affect them"—is not used in an inclusive sense. *State* v. *Kemp,* supra.

Recently, in *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574, we held that a trial court's adjudication denying the defendant's application seeking youthful offender status was a determination of a right that was a final, appealable judgment. We noted

that subsequent proceedings, no matter what their outcome, could not regain for the defendant his statutorily granted privacy right. That right would be lost irremediably upon the denial of his application and the consequent public trial. It was this consideration that led us to make an exception to our well-established rule that "[i]n a criminal case, the imposition of sentence is the judgment of the court. . . . An appeal lies only from a final judgment, and there can be no judgment in a criminal case until sentence is pronounced." *State* v. *Moore,* 158 Conn. 461, 463, 262 A.2d 166; *State* v. *Vaughan,* 71 Conn. 457, 458, 42 A. 640. Unlike *State* v. *Bell,* supra, the present case does not involve a determination of a right that could not be regained upon further proceedings. When a final judgment in the form of a pronouncement of sentence is rendered, the defendant may take an appeal and on appeal the defendant's claims of error will be reviewed. If any of those claims result in the determination that the defendant has been denied his right to a fair trial, that denial can be rectified by a new trial.

Finally, in these circumstances the considerations voiced in *State* v. *Kemp,* supra, 647, are of significance in resolving this issue. "[T]he opportunity to appeal in such a situation might well serve the purpose of parties who desire for their own ends to postpone the final determination of the issues. Allowance of multiple appeals in a single action would not accord with the sound policy which favors the speedy disposition of actions in court, and particularly of criminal prosecutions."

Since the lack of a final judgment is a jurisdictional defect, the appeal must be dismissed. *Guerin v. Norton,* 167 Conn. 282, 283-84, 355 A.2d 255.

The motion to dismiss is granted.

In this opinion the other judges concurred.