STATE OF CONNECTICUT *v.* JAMES SERVELLO
(5952)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 5—decision released April 12, 1988

*Joseph G. Bruckmann,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, was *Cathryn Krinitsky,* for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of larceny in the sixth degree in violation of General Statutes § 53a-125b, and from the judgment of conviction, after trial before the same jury, of being a persistent larceny offender in violation of General Statutes § 53a-40 (c). The defendant claims that the trial court erred (1) in permitting the state to introduce evidence of an attempted larceny by the defendant in the same store thirteen months prior to the conduct giving rise to the charge for which he was being tried, (2) in failing to instruct the jury as to the limited purpose for which evidence of a prior attempted larceny by the defendant could be considered, (3) in its instructions on an essential element of the offense of larceny by shoplifting, (4) in permitting the defendant to be tried as a persistent larceny offender and in sentencing the defendant to an enhanced sentence pursuant to that conviction, (5) in having the same jury which convicted him of larceny in the sixth degree sit as the jury in the trial on the persistent larceny offender charge, and (6) in denying the defendant's petition for a new trial. The defendant also claims that there was insufficient evidence to support the court's instruction on larceny by shoplifting and to support his conviction of larceny in the sixth degree. We find no reversible error.

The jury could reasonably have found the following facts. On January 12, 1986, the defendant entered a Radio Shack store in Meriden. After walking throughout the store, he sought reimbursement for three computer software packages. The defendant had no sales receipt for the items. Upon being told by the computer department manager that he could not receive a cash refund for the items and that he should return another day when the general manager was present, the defendant left the store with the merchandise.

On January 14, 1986, the defendant returned to the store with the three software packages. The general manager was not present. The defendant again sought a refund. The computer department manager agreed to exchange the software for a police scanner and to refund the difference between the items exchanged.

On January 16, 1986, the defendant entered the store and spoke to the general manager. The defendant sought a cash refund for the police scanner but was only permitted to exchange the scanner for a computer monitor and power strip. On the following day, a physical inventory of all items in the store undertaken by its general manager and its computer department manager revealed that there was no record of the purchase of the software taken out of the store by the defendant on January 12.

The defendant was charged with larceny in the sixth degree, involving theft of property where "the value of the property . . . is two hundred fifty dollars or less." General Statutes § 53a-125b. The underlying theories which the state relied on were shoplifting; General Statutes § 53a-119 (9); and obtaining property by false pretenses. General Statutes § 53a-119 (2).[1]

---

[1] "[General Statutes] Sec. 53a-119. LARCENY DEFINED. A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes, but is not limited to: . . . (2) Obtaining property by false pretenses. A person obtains property by false pretenses when, by any false token, pretense or device, he obtains from another any property, with intent to defraud him or any other person. . . . (9) Shoplifting. A person is guilty of shoplifting who intentionally takes possession of any goods, wares or merchandise offered or exposed for sale by any store or other mercantile establishment with the intention of converting the same to his own use, without paying the purchase price thereof. A person intentionally concealing unpurchased goods or merchandise of any store or other mercantile establishment, either on the premises or outside the premises of such store, shall be prima facie presumed to have so concealed such article with the intention of converting the same to his own use without paying the purchase price thereof."

## I

The defendant's first two claims of error pertain to evidence of prior misconduct by him which was admitted over his objection. At trial, the general manager of the Radio Shack store was permitted to testify, over objection and exception by the defendant, that in December, 1984, he observed the defendant pick up a piece of merchandise in the store, carry it to the sales counter, and attempt to exchange it for cash without a sales receipt. The court permitted the testimony on the ground that the prior misconduct evidence was relevant to show the defendant's "method of operation" and that its probative value outweighed its prejudicial effect.

## A

The defendant claims that the court committed error because the evidence did not bear upon a truly disputed issue in the trial and because the prejudicial effect of the evidence outweighed its probative value. We disagree.

"[T]he prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is introduced for some purpose other than to suggest that because the defendant is a person of criminal character, it is more probable that he committed the crime for which he is on trial." (Footnotes omitted.) C. McCormick, Evidence (3d Ed.), pp. 557–58. "The rationale of this rule is to guard against the use of such evidence to show the defendant's bad character or to suggest that the defendant has a propensity for criminal behavior. *State* v. *Morowitz,* 200 Conn. 440, 442, 512 A.2d 175 (1986); *State* v. *Williams,* 190 Conn. 104, 107–108, 459 A.2d 510 (1982)." *State* v. *Jones,* 205 Conn. 638, 660, 534 A.2d 1199 (1987); *State* v. *Murrell,* 7 Conn. App. 75, 79–80, 507 A.2d 1033 (1986). Notwithstanding these

general principles, "such evidence may be offered in proof of an issue in the case, such as intent, identity, malice, motive or system of criminal activity." *State* v. *Pollitt,* 205 Conn. 61, 69, 530 A.2d 155 (1987); *State* v. *Murrell,* supra, 80.

"Our analysis on the issue of other crimes evidence is two-pronged. 'First, the evidence must be relevant and material to at least one of the circumstances encompassed by the exceptions. Second, the probative value of such evidence must outweigh the prejudicial effect of the other crime evidence.' " *State* v. *Jones,* supra, 660, quoting *State* v. *Braman,* 191 Conn. 670, 676, 469 A.2d 760 (1983).

The defendant argues that the trial court admitted the challenged evidence to prove identity, and that it was not properly admitted on that basis because the defendant's identity on January 12, 14, and 16, 1986, was not disputed at trial. See C. McCormick, supra, pp. 564–65. The state does not dispute this characterization of the purpose for which the evidence was intended, but the state argues that the limitation suggested by the defendant, namely, that identity be actively disputed, is not a precondition to the application of the identity exception. We need not resolve this issue, however, because in assessing the admissibility of the misconduct evidence, our inquiry focuses on the grounds upon which the trial court admitted the evidence at trial. *State* v. *Geyer,* 194 Conn. 1, 5–7, 480 A.2d 489 (1984); *State* v. *Murrell,* supra, 80.

In this case, the state offered the evidence as probative of a "mode of operation on the part of the defendant." Relying on McCormick's treatise on evidence, the state argued that this "pattern" of "unusual" conduct was admissible to show the "handiwork of the accused." See C. McCormick, supra, pp. 559–60. The "handiwork

of the accused" exception is most often used to prove identity. See *State* v. *Pollitt,* supra, 69–70; C. McCormick, supra, p. 563.

The court agreed that the evidence was relevant to show "method of operation." In doing so, however, the court did not admit the prior misconduct evidence on the issue of identity. Instead, the court noted other recognized exceptions—"knowledge, intent, motive and common scheme or design"—and specifically relied on *State* v. *Lizzi,* 199 Conn. 462, 468, 508 A.2d 16 (1986), and *State* v. *Wilson,* 199 Conn. 417, 513 A.2d 620 (1986), both of which focused on the use of prior misconduct evidence to show the intent of the accused. We conclude, therefore, that the court permitted the challenged evidence as probative of the issue of intent.

Intent was an essential and disputed element of the crime with which the defendant was charged. See footnote 1, supra; *State* v. *Lizzi,* supra, 469 (prior attempt to falsify documents "highly probative of the defendant's intent to defraud" in trial on charge of larceny by embezzlement); annot., 78 A.L.R.2d 1359. Therefore, the prior misconduct was probative of an issue in the case and could properly be admitted on that basis, if its probative value outweighed its prejudicial effect. Furthermore, we conclude that, under all the facts of this case, "[t]he trial court in the proper exercise of discretion could reasonably have determined that the probative force of this evidence outweighed its prejudicial effect." *State* v. *Lizzi,* supra.

B

The defendant also claims that the trial court erred in failing to instruct the jury on the limited purpose for which the prior misconduct evidence was admitted. Since the defendant failed to raise this claim at trial, his argument is that the court should have given such a limiting instruction sua sponte. The defendant's claim

is not entitled to review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), because a limited review of it discloses that it is not truly of constitutional proportions; *State* v. *Huff,* 10 Conn. App. 330, 334, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987); or under the "plain error" doctrine. *State* v. *Johnson,* 188 Conn. 515, 520–22, 467 A.2d 1237 (1982); see *United States* v. *Cooper,* 577 F.2d 1079, 1088–89 (6th Cir. 1978), and cases cited therein (failure to give cautioning instruction for admission of prior misconduct evidence not plain error); see also *Jones* v. *United States,* 477 A.2d 231, 241–46 (D.C. 1984). We do not read *State* v. *Ouellette,* 190 Conn. 84, 92–96, 459 A.2d 1005 (1983), as requiring a different result under the circumstances of this case. In *Ouellette,* the defendant requested a limiting instruction. Id., 89.

## II

The defendant next challenges the trial court's instructions to the jury on the offense of larceny by shoplifting. In charging the jury on the essential elements of larceny by shoplifting, the trial court read the statutory definition found in General Statutes § 53a-119 (9). See footnote 1, supra. The court then explained each of the elements of shoplifting. In doing so, the court instructed the jury, in part, as follows: " 'Without paying the purchase price' means the defendant must also have taken possession with the intention of evading payment of the purchase price. Such must have been his intention at the time he took possession." The defendant argues that the court's explanation of the phrase "without paying the purchase price" was misleading in that it removed from the jury's consideration whether the goods have been paid for, an essential element of larceny by shoplifting.[2] We disagree.

---

[2] Although the defendant failed to preserve this claim properly for appeal, our courts have afforded review under the doctrine of *State* v. *Evans,* 165

Viewing the challenged instruction as a whole and considering it from the standpoint of its probable effect upon the jurors in guiding them to a proper verdict in the case; *State* v. *McKnight,* 191 Conn. 564, 582, 469 A.2d 397 (1983); *State* v. *Taxiltaridis,* 2 Conn. App. 617, 620, 481 A.2d 98 (1984); we conclude that the jury was not misled or improperly instructed on the concept of "without paying the purchase price" for purposes of larceny by shoplifting. The trial court read the first sentence of General Statutes in full, and did not, in its further comments on the meaning of the statute, negate the essential meaning of the statutory language. See *State* v. *Foshay,* 12 Conn. App. 1, 23, 530 A.2d 611, cert. granted in part, 205 Conn. 813, 532 A.2d 587 (1987). Immediately after reciting the challenged instruction, the court correctly placed the intent aspect of the offense which it had just explained in the context of the act of nonpayment, noting that "[u]ltimately the state has the burden of convincing you beyond a reasonable doubt that the defendant had dishonest intention of taking or using the goods without payment."

## III

The defendant next claims that the court erred in permitting him to be tried as a persistent larceny offender. The facts relevant to this claim of error are as follows. The defendant was originally charged in a short form information with one count of larceny in the sixth degree. Nearly seven months later, and three days before the commencement of trial, the state filed a "second part of information" or "Part B" information, alleging two prior larceny convictions and charging the

Conn. 61, 70, 327 A.2d 576 (1973), because the "failure adequately to instruct the jury on each essential element of the crime might result in a due process violation implicating the fairness of the defendant's trial." *State* v. *Pollitt,* 205 Conn. 132, 150, 531 A.2d 125 (1987); *State* v. *Grant,* 6 Conn. App. 24, 28–29, 502 A.2d 945 (1986).

defendant with being a persistent larceny offender in violation of General Statutes § 53a-40 (c). On the day of the commencement of trial, the state filed a substitute information, alleging only one count of larceny in the sixth degree.

The defendant contends that, because the document charging him as a persistent larceny offender was not part of the same document as, and was not filed simultaneously with, the original information charging the substantive offense but was filed nearly seven months after the filing of that information, it was ineffective. We disagree.

The defendant correctly points out that a persistent offender charge must be included in the same information as the substantive criminal allegation. *State* v. *Secore,* 194 Conn. 692, 699, 485 A.2d 1280 (1984). There is, however, no requirement that the substantive offense and the persistent offender violation be charged simultaneously.

Practice Book § 619 provides in pertinent part: "Where the information alleges, in addition to the principal offense charged, a former conviction or convictions, such information shall be in two parts, each signed by the prosecuting authority. In the first part, the particular offense with which the accused is charged shall be set out, and in the other part the former conviction or convictions should be alleged." Practice Book § 623 provides in pertinent part: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information." Practice Book § 647 provides, with respect to the two-part information filed pursuant to § 619, that "the plea and election of a method of trial shall first be taken only on the first part of the infor-

mation," and § 648 provides in pertinent part that "if the defendant pleads not guilty, prior to the commencement of trial, the clerk shall notify the defendant, in the absence of the judicial authority, of the contents of the second part of the information."

Reading Practice Book §§ 619, 623, 647 and 648 together, we conclude that the state may amend an information to include a Part B persistent offender count prior to the commencement of trial, subject of course, to appropriate action of the trial court upon motion by the defendant. See Practice Book § 623. Our interpretation of these rules of practice is buttressed by the fact that, under our former rules of practice, the state was barred from bringing a persistent offender charge after the accused had been put to plea on a substantive offense; see Practice Book § 648 in effect prior to 1981; the 1981 amendment was intended to permit the state to bring a recidivist charge after a not guilty plea had been entered on the original information.

The state complied with the requirement to include the persistent offender charge in the original information by adding it to that information at a later time, and thereby amending that information. See Practice Book § 623. The purpose of the rule requiring that the substantive and persistent offender violations be contained in the same information "is to give the defendant adequate notice of the charges against him so that he may properly prepare his defense." State v. Secore, supra, 701; State v. Foshay, supra, 31. Here, as in Foshay, there is no suggestion in the record that the defendant was prejudiced or unfairly surprised by the allegations contained in the second part of the information. The defendant did not object to the amendment pursuant to Practice Book § 623. Accordingly, the state properly amended its information before the com-

mencement of trial to include a Part B persistent offender allegation.[3]

## IV

The defendant next claims that the trial court erred in having the jury which convicted him of larceny in the sixth degree, sit as the jury in the trial on the persistent larceny offender charge. "Section 840 of the Connecticut Practice Book provides that when an information is in two parts, and an accused is found guilty on the first part, the judicial authority may decide whether the trial on the second part should 'be had to the same or to another jury.' When the court in its discretion decides that the second part should be tried to the same jury, this decision will be reversed only where a clear abuse of discretion is demonstrated." (Footnote omitted). *State* v. *Lapia,* 202 Conn. 509, 517, 522 A.2d 272 (1987).

The defendant argues that the court abused its discretion because the prior misconduct evidence introduced at the trial on the first part of the information was not probative of any issue presented in the trial

[3] The defendant also claims that the persistent offender charge was defective for a separate reason. He argues that, even if the persistent offender allegations became part of the original information, "both the original information and the 'second part' were superceded by the state's unsolicited filing of a substitute information, which alleged only a single count of larceny in the sixth degree." We recently rejected a similar claim in *State* v. *Foshay,* supra, 31.

The fact that the filing of the substitute information in this case was unsolicited, and not in response to a motion for a bill of particulars, is no moment. The substitute information filed in this case was a long form information which could only have been intended to make more specific the allegations of the earlier short form information, for presentation to the jury.

The defendant failed to raise this claim in the trial court. We decline to review it under *State* v. *Evans,* supra, because the defendant has failed to show that he was prejudiced or unfairly surprised when the second part of the information came to trial; *State* v. *Foshay,* supra, 31; and therefore has failed to show that "the record adequately supports a claim that [he] has clearly been deprived of a fundamental constitutional right and a fair trial." *State* v. *Evans,* supra, 70.

on the second part of the information, and was especially prejudicial due to its similarity to the crimes for which the state had to prove prior convictions under General Statutes § 53a-40 (c). We disagree.

A similar claim was rejected by our Supreme Court in *State* v. *Lapia,* supra. Here, as in *Lapia,* "none of [the defendant's] testimony from the first trial·was introduced during his trial on the persistent [larceny] offender charge." Id., 518. In fact, in its instructions to the jury after the trial on the second part of the information, the court instructed the jury that it "could only consider the evidence before you, and what you have is [the testimony of the clerk of the Superior Court in Bristol]. You have the two documents, State's Exhibit A and B." Furthermore, as in *Lapia,* "[d]uring trial on the second part, the court charged the jury on the defendant's right not to testify and on the state's burden of proving the elements of the crime beyond a reasonable doubt." Id. Because "jurors are presumed to follow the instructions given by the judge"; *State* v. *Williams,* 202 Conn. 349, 364, 521 A.2d 150 (1987); we conclude that "the defendant has not sustained his heavy burden of proving that the court abused its discretion and that any injustice was done to him by the court's refusal to impanel a new jury." Id.

V

The defendant also claims that the trial court erred in denying his petition for a new trial. The defendant claimed that a new trial was required pursuant to Practice Book § 904[4] and General Statutes § 52-270[5]

[4] The defendant's filing, entitled "Petition for New Trial," incorrectly referenced Practice Book § 940, instead of § 904. This appears to have been a typographical error. Section 904 provides: "A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with Gen. Stat., § 52–270. The judicial authority may grant the petition even though an appeal is pending."

[5] General Statutes § 52–270 provides in pertinent part: "(a) The superior court may grant a new trial of any action that may come before it,

because (1) the defendant had obtained evidence of the purchase of the three software packages from the Radio Shack Store, (2) the existence of this evidence was not known to the defendant at the time of the trial, (3) this evidence could not be discovered through due diligence on the part of the defendant as it was in the control of another person, and (4) the new evidence is material and likely to produce a different result in a new trial.

Neither party has addressed whether this claim of error is properly before us. The defendant filed his "petition for new trial" within the technical confines of the docketed criminal case. No separate civil action was brought. A petition for a new trial is properly "instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which the new trial is sought, it is by its nature a distinct proceeding." *State* v. *Asherman,* 180 Conn. 141, 144, 429 A.2d 810 (1980). The defendant did not follow this procedure in the present case.

We are presented, then, with the question of whether the defendant's failure to bring a petition for a new trial in a separate action deprived the trial court of subject matter jurisdiction to rule on the petition. The differences between a motion for a new trial and a petition for a new trial are matters of substance, not simply matters of form. See *State* v. *Jones,* 205 Conn. 723, 728–30, 535 A.2d 808 (1988). In *Jones,* our Supreme

for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in case where the parties or their counsel have not adequately protected their rights during the original trial of an action."

Court refused to review a claim regarding newly discovered evidence which was not brought pursuant to Practice Book § 904 in a separate proceeding. "The defendant must bring a petition under § 904 [in a separate proceeding instituted by writ and complaint served on the adverse party] if he wishes to seek a new trial based on newly discovered evidence." Id., 730; State v. Asherman, supra, 144. Accordingly, the trial court should have dismissed the defendant's petition for a new trial because it was improperly brought, and we do not review the trial court's denial of that petition.

## VI

Finally, we consider the defendant's claim that the evidence against him was insufficient to support his conviction of larceny in the sixth degree. We disagree.[6]

In support of this claim, the defendant argues that the state failed to prove that the software packages had not been paid for, as required to prove larceny by shoplifting; General Statutes § 53a-119 (9); and obtaining by false pretenses; General Statutes § 53a-119 (2); the modes by which the defendant was charged with larceny in the sixth degree. In evaluating the defendant's claim, the standard is whether " '[t]he jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt.' " State

---

[6] The defendant also claims that the trial court erred in instructing the jury on larceny by shoplifting because there was no evidence that a shoplifting occurred on January 12, 1986. See, e.g., State v. Williams, 202 Conn. 349, 361-64, 521 A.2d 150 (1987) (holding that when a person is convicted under more than one statutory alternative, the judgment cannot stand unless the evidence was sufficient to establish guilt under each statutory provision upon which the trier of fact may have relied). Since we conclude that the evidence was sufficient to prove beyond a reasonable doubt that the defendant had not paid the purchase price of the software packages, this claim of instructional error is without merit.

v. *Dumlao,* 3 Conn. App. 607, 613, 491 A.2d 404 (1985), quoting *State* v. *Giorgio,* 2 Conn. App. 204, 211, 477 A.2d 134 (1984). In addition, the evidence must be given a conclusion most favorable to sustaining the jury's verdict. *State* v. *Dumlao,* supra.

In this case, there was no direct evidence that there had been no payment for the software packages. The probative force of direct and circumstantial evidence, however, is the same. *State* v. *Evans,* 203 Conn. 212, 238, 523 A.2d 1306 (1987). We conclude that several pieces of circumstantial evidence in this case taken together, if believed by the jury, were sufficient to prove beyond a reasonable doubt that there had been no payment for the software packages.

First, the general manager of the store testified that he conducted an inventory of store items and determined that the software in issue had not left the store legally. The defendant's argument that this testimony could not support proof of the controverted fact is based upon earlier testimony by the store's computer department manager to the effect that the inventory search only went back as far as December, 1985, and therefore failed to preclude the possibility that the merchandise was purchased in November, 1985. The simple answer to this is that the jury could have credited the general manager's version of the facts as more accurately and completely portraying the extent of the inventory search. Second, the computer department manager's testimony that sales tags had not been removed from the software packages brought to him by the defendant, along with his testimony that the counter clerks at the store usually remove such tags at the time of sale, supports a reasonable inference that these software packages had never been purchased. Third, this evidence was buttressed by the testimony regarding the defendant's prior attempted larceny,

which was probative on the issue of the defendant's criminal intent.

There is error, in part, in the form of the judgment, the order denying the defendant's petition for a new trial is set aside and the case is remanded with direction to dismiss the defendant's petition for a new trial. In all other respects, there is no error.

In this opinion the other judges concurred.