[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a petition for a new trial. The plaintiff was convicted after a jury trial on various counts arising from two separate informations. The defendant was sentenced on March 8, 1990. The plaintiff commenced this action in July of 1993.
A petition for a new trial under C.G.S. Sec. 52-270 (a) is a civil action, and the plaintiff has the burden of proof by a preponderance of the evidence. Lombardo v. State, 172 Conn. 385,390-91 (1977); Johnson v. Henry, 38 Conn. Sup. 718, 719-20 (App. Sess.), cert. denied 464 U.S. 1011 (1983). It represents a separate and distinct proceeding, although collateral to the action for which a new trial is sought, and may be initiated by citation within three (3) years after judgment. State v. Asherman,180 Conn. 141, 144 (1980) (Asherman I); see State v. Jones, 205 Conn. 723,729-30 (1988); State v. Servello, 14 Conn. App. 88, 101-02
(defendant's failure to bring a petition for a new trial in a separate action deprived the trial court of subject-matter jurisdiction to rule on the petition, cert. denied, 208 Conn. 811
(1988); C.G.S. Sec. 52-582.
The plaintiff is now barred by the applicable three year Statutes of Limitations. The court, therefor, lacks subject matter jurisdiction.
The State's Motion to Dismiss is granted. CT Page 10741
O'KEEFE, J.
Judgment enters in accordance with the foregoing Memorandum of Decision
Michael Kokoszka, Clerk