[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Petitioner Charleen Moore and Respondent Edward Moore seek judicial review pursuant to General Statutes 46b-206 and 46b-231
(n) of the decisions of two family support magistrates. Respondent Edward Moore appeals from Magistrate Ronald M. Sullivan's orders relating to child support, from Magistrate Deborah A. Kochiss Frankel's refusal to open or set aside Magistrate Sullivan's support orders, and from Magistrate Kochiss Frankel's refusal to grant a new trial. Petitioner Charleen Moore appeals from Magistrate Kochiss Frankel's decision quashing investigatory subpoenas issued by officers of the Support Enforcement Division of the Superior Court. 1989, a family support magistrate entered an order pursuant to General Statutes 46b-205 directing respondent to pay fifty dollars a week pending a hearing on the merits of the petition. This order was subsequently stayed while the parties litigated a jurisdictional question which was raised by respondent's filing of a motion to dismiss. After the motion was denied, the clerk of the court sent respondent and his counsel notice of a hearing to be held on August 7, 1990.
Respondent, his attorney, and the assistant attorney general who represented the petitioner appeared before Magistrate CT Page 468 Sullivan on August 7, 1990. The parties presented evidence which included, among other things, petitioner's affidavit, respondent's financial affidavit, and respondent's testimony. Near the conclusion of the day's proceedings, respondent's counsel, after stating "I understand your Honor may have to make a support order today" (Tr. p. 37), objected to the magistrate's addressing the question of an arrearage. Counsel claimed his client had not been given sufficient notice that an arrearage would be claimed. The assistant attorney general asked the magistrate, should the magistrate agree with the respondent's claim as to notice, to continue the case for a full hearing on the merits. The magistrate stated "I'll continue the temporary order under 46b-205" (Tr. p. 40) and twice stated the case was continued to September 18, 1990. (Tr. p. 41)
Neither respondent nor his attorney appeared in court on September 18, 1990. After colloquy between the magistrate and the assistant attorney general, the magistrate found respondent to be $57,240.00 in arrears as of February 28, 1989. The magistrate further ordered "two hundred dollars a week current support, one hundred dollars on the arrearage; total three hundred dollars."
The assistant clerk of the family support division failed to promptly notify the respondent of the orders entered on September 18, 1990, even though General Statutes 46b-231 (j) directs the clerk to do so. The first notice respondent received from the clerk was on April 14, 1992, when respondent was served with a contempt citation. Respondent may have received earlier knowledge of the orders by means of deficiency notices sent by officers of the Support Enforcement Division of the Superior Court.
On June 26, 1992, respondent filed a Motion to Set Aside Order or Reopen Judgment. This motion was denied by Magistrate Kochiss Frankel. On July 29, 1992, respondent filed more motions, i.e. Motion to Re-argue, Motion For New Trial, Motion to Reopen and Set Aside Orders Entered September 18, 1990, Motion for Articulation, and Motion to Alter or Set Aside Support Order. These motions were denied by Magistrate Kochiss Frankel on August 10, 1992, and September 1, 1992.
On September 1, 1992, the magistrate ordered the clerk to give the parties the following notice: CT Page 469
 "5. The clerk shall issue notice to all attorneys of record of Magistrate Sullivan's September 18, 1990 support orders and Respondent's fourteen day period to perfect a Conn. Gen. Stat. 46b-231 (n) appeal to the Superior Court shall commence and run from said issuance of notice. . . ."
On September 4, 1992, respondent moved for a re-hearing on the motion for a new trial. On September 14, 1992, the court denied the request for a re-hearing. On September 15, 1992, the respondent appealed to this court.
The scope of this court's review when deciding appeals from a final decision of a family support magistrate is set forth in General Statutes 46b-231 (n)(7). This statute provides as follows:
 "The superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Before addressing the respondent's six issues, this court must first address petitioner's arguments that respondent has failed to timely appeal and, if timely, has failed to appeal from all decisions except the one of September 14, 1992, denying respondent a new trial. General Statutes 46b-206 gives a respondent in a URESA action the right of appeal as provided in subsection (n) of section 46b-231. This latter statute allows a person aggrieved by a final decision of a family support magistrate to appeal "not later than fourteen days after filing CT Page 470 of the final decision. . . or if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon." Respondent met this deadline.
The document entitled Reasons for Appeal, which is annexed to the appeal document, must be read together with the appeal document. Together, these documents show that respondent timely appealed not only from the denial of a new trial but also from the support orders.
The respondent states his first claim as follows: "The court violated the Respondent's constitutional[ly] protected due process rights when Respondent did not receive notice of the entry of order on September 18, 1990 until September 1, 1992." Respondent argues that prompt notice is critical because it starts the appeal clock running. Respondent, however, has not been aggrieved by receipt of a late notice since he has been allowed to appeal the 1990 decision. Accordingly, he is not entitled to relief on this claim.
The respondent states his second claim as follows: "Magistrate Sullivan erred when he entered support orders on September 18, 1990 that did not comply with the child support guidelines." Under this claim, respondent attacks the weekly support order but not the arrearage order. This court agrees with the respondent.
The record lacks an evidentiary basis for the magistrate to enter an order directing the respondent to pay two hundred dollars a week for support and one hundred a week toward the arrearage. The respondent's financial affidavit shows his income to be fifty-seven dollars a week. While the petitioner's representative attacked this declaration by showing respondent lives in high style, petitioner's counsel did not produce any evidence of an income or earning capacity which would warrant a three hundred dollar weekly order. Respondent's designer chinos, designer eye glass frames, and respondent's use of his present wife's house may discredit respondent's financial affidavit and testimony but this evidence does not provide a basis for the weekly order. Indeed, a review of the transcript of the hearing held on August 7, 1990, indicates the magistrate at that time disagreed with the attorney general's position that evidence of a high life style provided a basis for increasing the weekly support of fifty dollars. The order increasing weekly payments from fifty dollars to three hundred dollars must be set aside as CT Page 471 not being based on substantial evidence.
The order was also made upon unlawful procedure. The magistrate failed to make a specific finding on the record, as required by General Statutes 46b-198c and 46b-215 (a) and the regulations promulgated thereunder, explaining why he deviated from the support guidelines by more than fifteen percent.
The respondent states his third claim as follows: "Magistrate Sullivan erred in the entry of support and arrearage orders as the Magistrate did not give full faith and credit or comity of the outstanding New York orders." General Statutes 46b-231
(n)(6) provides that appeals "shall be confined to the record and such additional evidence as the superior court has permitted to be introduced." A record does not include material appended to briefs. The only relevant information on this issue appears in the transcript of the proceedings before Magistrate Sullivan held on August 7, 1990. The transcript reflects a discussion about a URESA proceeding in New York. During the discussion, Magistrate Sullivan made the following observation:
 "[T]heoretically under URESA, it is possible for a person to have fifty separate cases, some of them simultaneous, existing . . . . If the person goes from jurisdiction to jurisdiction, there could be an order in Connecticut; there could be one in California all of them going at the same time. It's conceivable."
 . . . In reality, it's perhaps not likely to be that way. As soon as one jurisdiction finds out that the person leaves the jurisdiction, they usually dismiss the case . . . ." (Tr. at 8/17/90; p. 9).
The fact that petitioner may have caused a ERESA proceeding to be initiated in another state before petitioner caused a ERESA proceeding to be commenced in this state is not grounds for abating the Connecticut proceeding. "A petition . . . seeking enforcement of child support is not barred by a showing that there is a pending action in . . . some other state . . ., or by the fact that another court may have already issued a support order in another proceeding and retained jurisdiction for its enforcement." State of New Mexico ex rel. Allenman v. Shoats, CT Page 472684 P.2d 1177, 1181 (N.M.App. 1984). Respondent has not shown he is entitled to relief on his third claim.
Respondent states his fourth claim as follows: "Even if there was adequate notice to Respondent of the September 18, 1990 hearing, there was no notice that the issue of an arrearage would be raised at the hearing." Notice that petitioner claimed an arrearage of $54,240, was clearly given at the hearing held on August 7, 1990. In fact, respondent's contention at the hearing that he lacked notice of an arrearage claim was the reason for the attorney general's requesting a continuance. This court finds this fourth claim to be without merit.
Respondent states his fifth claim as follows: "Magistrate Kochiss Frankel erred in determining that judgment on September 18, 1990 was a judgment on the merits and therefore a new trial could not be granted." Respondent filed what he called a motion for new trial pursuant to General Statutes 52-270. The motion was denied on the ground "52-270 is not available given the facts leading to the September 18, 1990 judgment on the merits in this case." The parties in their briefs discuss whether the 1990 judgment was a judgment on the merits. It was, See 1 Stephenson, Conn. Civil Procedure (2nd ed) 157. And it was a final judgment. See Ratner v. Willametz, 9 Conn. App. 565, 574 (1987). This court, however, sustains the magistrate's decision on a ground which was not briefed by the parties.
The case of In re Clifton, 15 Conn. App. 369 (1987), which involved a motion for new trial made pursuant to 52-270, is dispositive of respondent's fifth issue. The pertinent part of the Appellate Court's opinion is as follows:
 "The parties have not addressed in their briefs the fact that the purported petition for a new trial was not instituted as a separate civil action. The trial ended on May 6, 1987, and the purported petition for a new trial was filed on July 16, 1987, within the confines of the original proceeding for termination of parental rights, and not as a separate action. A petition for a new trial is properly instituted by a writ and complaint served on the adverse party; although it is collateral to the action in which the new trial is sought, it is by its nature a CT Page 473 distinct and separate proceeding. State v. Asherman, 180 Conn. 141, 144, 429 A.2d 810
(1980). The respondents thus deprived the trial court of subject matter jurisdiction, and the court should have dismissed the petition. See State v. Servello, 14 Conn. App. 88, 101-102, 540 A.2d 378 (1988). In Re Clifton, Id. at 370.
The family support magistrate was without jurisdiction to hear the "motion."
Respondent states his sixth claim as follows: "Magistrate Kochiss Frankel erred in not reopening or setting aside orders entered on September 18, 1990 pursuant to Connecticut General Statutes 46b-232 or 52-212." There are two prongs to this claim. One is based on Practice Book 377, which implements General Statutes 52-212. The other is based on General Statutes 46b-232.
With respect to the motion to reopen based on Practice Book 377 and General Statutes 52-212, Magistrate Kochiss Frankel wrote a five page memorandum disposing of this motion. This court has reviewed the memorandum and the entire record for this appeal and has concluded the family support magistrate did not abuse her discretion in denying the motion filed pursuant to Practice Book 377 and General Statutes 52-212.
With respect to the second prong of respondent's sixth claim, this court concludes the family support magistrate did not abuse her discretion in denying the motion made pursuant to General Statutes 46b-232. Respondent did not establish reasonable cause for such relief. Negligence or inattention on the part of a party who has failed to appear on a continuance date is not grounds for setting aside a support order.
 III.
Petitioner Charleen Moore appeals from a decision of Magistrate Kochiss Frankel granting respondent's motion to quash investigatory subpoenas which were issued by support enforcement officers to non-parties. The subpoenas directed the non-parties to deliver documents and information to the support enforcement officers. In granting the motion to quash, the family support magistrate determined that the support enforcement officers lacked authority to issue such subpoenas in URESA cases. CT Page 474
Petitioner claims that General Statutes 17-303 authorizes support enforcement officers to issue investigatory subpoenas in ERESA actions. The statute provides that non-parties when served with subpoenas must disclose to support enforcement officers financial records of persons involved in certain aid programs. ERESA actions are not among the aid programs listed in the statute.
Petitioner argues that, even though ERESA actions are not listed in 17-303, this court should construe the statute as applying to ERESA actions. Such a statutory construction would be contrary to the clear language of 17-303 and would not conform to the legislative scheme. As to the legislative scheme, this court notes that General Statutes 324(a) provides that certain records obtained from employers under 17-303 are admissible in evidence in actions brought under 17-324 (a). Actions are brought under 324(a) to collect support obligations incurred in connection with various aid programs. Since ERESA actions are not brought under 17-324 (a), the evidentiary rule does not apply to ERESA actions. Evidence must be gathered and presented in ERESA actions without benefit of 17-303 and 17-324 (a).
 IV.
Based upon the foregoing, this court concludes that the order of September 18, 1990, increasing the weekly payment from fifty dollars to three hundred dollars must be set aside. The order setting the amount of the support arrearage as of February 28, 1989, is affirmed. The decisions denying the motions for a new trial are also affirmed. The case is remanded to the family support magistrate division of the Superior Court for further proceedings consistent with this opinion.
It is so ordered.
THIM, JUDGE