STATE OF CONNECTICUT *v.* ANA ARROYO
(AC 20372)

Schaller, Flynn and O'Connell, Js.

Argued September 17—officially released November 27, 2001

*M. Donald Cardwell,* for the appellant (defendant).

*John A. East III,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Rachel M. Baird,* former assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, J. The defendant appeals from the judgment of the trial court denying her petition for a new trial on the ground of newly discovered evidence. We dismiss the appeal.

The following facts and procedural history are relevant to our disposition of this appeal. The defendant was convicted on November 20, 1997, following a jury trial, of attempt to commit assault in the first degree as an accessory in violation of General Statutes §§ 53a-8, 53a-49 (a) (2) and 53a-59 (a) (1) and assault in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-60 (a). On November 24, 1997, the defendant filed a motion for a new trial. Two years later, on November 24, 1999,[1] the court denied the motion. On the day of sentencing, December 14, 1999, the defendant filed a petition for a new trial on the ground of newly discovered evidence. The court denied the petition and sentenced the defendant to five years in the custody of the commissioner of correction. The defendant appeals from the court's denial of her petition for a new trial.

---

[1] The reason for the two year delay is not clear from the record. It appears, however, that for at least part of this period, the defendant may not have been available in this jurisdiction for sentencing.

As a threshold matter, we address the issue of whether the defendant's petition for a new trial was procedurally defective. We conclude that the petition was improperly brought and, therefore, it is dismissed for lack of jurisdiction.

This is a classic case demonstrating the distinction between a *motion* for a new trial pursuant to Practice Book § 42-53,[2] and a *petition* for a new trial on the ground of newly discovered evidence pursuant to General Statutes § 52-270[3] and Practice Book § 42-55.[4] Our decision in *State* v. *Servello*, 14 Conn. App. 88, 540 A.2d 378, cert. denied, 208 Conn. 811, 545 A.2d 1107 (1988), is dispositive. In *Servello*, we stated: "A petition for a new trial is properly instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which the new trial is sought, it is by its nature a distinct proceeding. . . . We are presented, then, with the question of whether the defendant's failure to bring a petition for a new trial in a separate action deprived the trial court of subject matter jurisdiction to rule on the petition. The differences between a motion for a new trial and a petition for a new trial are matters of substance, not simply

[2] Practice Book § 42-53 (a) provides in relevant part: "Upon motion of the defendant, the judicial authority may grant a new trial if it is required in the interests of justice. . . ." (Practice Book § 42-54 requires that such motion be filed within five days after a verdict or finding of guilty.)

[3] General Statutes § 52-270 provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. . . ."

[4] Practice Book § 42-55 provides: "A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes § 52-270. The judicial authority may grant the petition even though an appeal is pending."

matters of form. . . . The defendant must bring a petition under [Practice Book § 42-55 and General Statutes § 52-270] [in a separate proceeding instituted by writ and complaint served on the adverse party] if he wishes to seek a new trial based on newly discovered evidence. . . . Accordingly, the trial court should have dismissed the defendant's petition for a new trial because it was improperly brought, and we do not review the trial court's denial of that petition." (Citations omitted; internal quotation marks omitted.) *State* v. *Servello*, supra, 101–102.

In this case, the petition was filed under the same criminal docket number as the underlying case rather than being instituted by writ and complaint as a separate civil action. In accordance with *Servello*, we conclude that the court should have dismissed the petition, and we do not review the trial court's denial of that petition.

Furthermore, even if we were to determine that the petition was properly brought, the defendant failed to request permission to appeal pursuant to General Statutes § 54-95 (a).[5] The legislature intended the statutory certification requirement to discourage frivolous appeals by requiring that a judge review the decision for the limited purpose of determining whether an appealable issue exists. *Seebeck* v. *State*, 246 Conn. 514, 531, 717 A.2d 1161 (1998). Because the defendant failed to comply with § 54-95 (a), this court would lack jurisdiction to consider the petition.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[5] General Statutes § 54-95 (a) provides in relevant part: "No appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. . . ."