STATE OF CONNECTICUT *v.* MARTYN D. BRUNO
(AC 32737)

Gruendel, Beach and West, Js.

Argued October 11—officially released November 15, 2011

*Brian J. Woolf*, for the appellant (defendant).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, was *David Shepack*, state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Martyn D. Bruno, appeals from the judgment of the trial court denying his motion for a new trial filed pursuant to Practice

Book §§ 42-53 and 42-54. He claims that the court improperly concluded that it lacked jurisdiction to consider the merits of that motion. We affirm the judgment of the trial court.

The facts underlying the defendant's criminal conviction are set forth at length in *State* v. *Bruno*, 236 Conn. 514, 673 A.2d 1117 (1996). As the sentence review division stated in a subsequent proceeding, "[t]he crime was clearly one of the most vicious, cruel and senseless crimes that one could imagine. The victim was the [defendant's] friend. The victim begged the [defendant] for his life before the [defendant] brutally bludgeoned the victim to death. If that was not enough disrespect for human life, the [defendant] then burned the victim's remains to conceal the crime." *State* v. *Bruno*, Superior Court, judicial district of Litchfield, Docket No. CR-91-73668 (June 22, 2004) (*Iannotti, Clifford* and *Holden, Js.*).

Following the defendant's arrest, he was tried before a three judge panel. The court found the defendant guilty of murder in violation of General Statutes §§ 53a-8 and 53a-54a and of three counts of tampering with physical evidence in violation of § 53a-8 and General Statutes § 53a-155 (a) (1),[1] and sentenced the defendant to a term of sixty years incarceration.[2] Our Supreme Court thereafter affirmed that judgment of conviction. *State* v. *Bruno*, supra, 236 Conn. 516–17 and 517 n.2.

On July 10, 1996, the defendant filed a pro se petition for a writ of habeas corpus alleging ineffective assistance of counsel. He later amended that petition to

---

[1] The court acquitted the defendant of the charge of conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a.

[2] The defendant subsequently sought review of his sentence by the sentence review division of the Superior Court. See General Statutes § 51-195. That body affirmed the sentence imposed, finding it to be "neither inappropriate or disproportionate." *State* v. *Bruno*, supra, Superior Court, Docket No. CR-91-73668.

allege a violation of his right to a jury trial. On June 11, 2001, the defendant filed a third amended petition, which alleged, inter alia, (1) ineffective assistance of trial counsel in that counsel waived his right to a jury trial without his consent; (2) ineffective assistance of his appellate counsel, in that the counsel failed to raise the issue on appeal of whether he had waived his right to a jury trial; and (3) that the trial court violated his right to due process by failing to canvass him as to his jury waiver. Following a trial, the habeas court dismissed the defendant's petition. In so doing, the court found that the defendant lacked credibility and that he was fully apprised of his right to a jury trial. The court further found that the defendant had "failed to demonstrate that [his waiver of a jury trial] was not knowingly, voluntarily and intelligently entered." *Bruno* v. *Warden*, Superior Court, judicial district of New Haven, Docket No. CV-98-416581-S (March 1, 2002). This court subsequently affirmed that judgment; *Bruno* v. *Commissioner of Correction*, 74 Conn. App. 910, 815 A.2d 297 (2003); and our Supreme Court denied the defendant's petition for certification to appeal therefrom. *Bruno* v. *Commissioner of Correction*, 271 Conn. 920, 859 A.2d 577 (2004).

On January 21, 2004, the defendant commenced a federal habeas corpus action. In denying that petition, the United States District Court for the District of Connecticut concluded, inter alia, that the defendant had failed to demonstrate that his waiver was not knowing and voluntary and that he lacked cause under *Coleman* v. *Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), to overcome the procedural default of his due process claim that the trial court failed to canvass him concerning his jury waiver. *Bruno* v. *Connecticut Commissioner of Correction*, United States District Court, Docket No. 3:04cv101 (RNC), 2006 WL 2839232, *5–6 (D. Conn. September 29, 2006). On March

13, 2007, the United States Court of Appeals for the Second Circuit denied the defendant's petition for review of that judgment. The defendant then filed petitions for certiorari with the United States Supreme Court, which were denied on October 1, 2007. *Bruno* v. *Lantz*, 552 U.S. 822, 128 S. Ct. 155, 169 L. Ed. 2d 31 (2007).

The defendant's next legal challenge forms the basis for the present appeal. Sixteen years after the trial court sentenced the defendant, the defendant on August 14, 2009, filed a motion for a new trial pursuant to Practice Book §§ 42-53 and 42-54 predicated on his claim that "nothing in the record affirmatively indicates that [he] knowingly, voluntarily and intelligently waived his right to a jury trial."[3] The court heard argument on the matter

---

[3] Although the defendant initially brought that motion pursuant to General Statutes § 52-270 as well, he expressly and unconditionally withdrew the motion with respect to § 52-270 before the court on July 15, 2010. The analysis presented in the defendant's appellate brief nevertheless comingles § 52-270 and Practice Book §§ 42-53 and 42-54. As this court explained in *State* v. *Servello*, 14 Conn. App. 88, 101, 540 A.2d 378, cert. denied, 208 Conn. 811, 545 A.2d 1107 (1988), "[t]he differences between a motion for a new trial and a petition for a new trial [pursuant to § 52-270] are matters of substance, not simply matters of form." To the extent that the defendant now relies on § 52-270 as a basis for his claims on appeal, such reliance is improper in light of his waiver before the trial court. See, e.g., *State* v. *Holly*, 106 Conn. App. 227, 233, 941 A.2d 372, cert. denied, 287 Conn. 903, 947 A.2d 344 (2008).

We note that the defendant's decision to abandon any claim arising under § 52-270 at trial was justified for two distinct reasons. First, a petition for a new trial pursuant to § 52-270 "properly is instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which a new trial is sought, it is by its nature a distinct proceeding." (Internal quotation marks omitted.) *State* v. *Gonzalez*, 106 Conn. App. 238, 260–61, 941 A.2d 989, cert. denied, 287 Conn. 903, 947 A.2d 343 (2008). The defendant in the present case did not commence such a distinct proceeding, but rather filed his motion under the same criminal docket number as his underlying case, thereby depriving the court of authority to entertain a petition under § 52-270. *State* v. *Rogelstad*, 73 Conn. App. 17, 37, 806 A.2d 1089 (2002) (court lacked authority to consider petition for new trial under § 52-270 when "defendant neglected to serve a writ of summons and complaint in accordance with § 52-270, but merely filed the motion in the criminal case, pursuant to Practice Book §§ 42-53 and 42-55 and General Statutes § 52-270"); *State* v. *Servello*, supra, 14 Conn. App. 101–102 (same).

on July 15, 2010, and thereafter denied the motion for a new trial, concluding that it lacked jurisdiction to entertain the merits thereof. From that judgment, the defendant appeals.

Although the defendant raises multiple claims in this appeal, the dispositive one is whether the court properly concluded that it lacked jurisdiction over the defendant's motion. A determination regarding a trial court's subject matter jurisdiction is a question of law over which our review is plenary. *State* v. *DeVivo*, 106 Conn. App. 641, 644, 942 A.2d 1066 (2008). Under Connecticut law, "the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001). The defendant claims that Practice Book §§ 42-53 and 42-54 expressly authorized the court to act on his motion for a new trial at any time in the interests of justice. We disagree.

It is well established that provisions of the Practice Book cannot confer subject matter jurisdiction on our courts. *Simms* v. *Warden*, 229 Conn. 178, 184, 640 A.2d 601 (1994). "The judiciary simply cannot confer jurisdiction on itself through its own rule-making power." *State*

Second, petitions for a new trial must be brought within the statute of limitations contained in General Statutes § 52-582, which provides in relevant part that "[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of . . . ." That limitation period commenced on August 6, 1993, the date on which the defendant was sentenced and committed to the custody of the commissioner of correction. See *State* v. *Coleman*, 202 Conn. 86, 89, 519 A.2d 1201 (1987) (final judgment in criminal case is imposition of sentence). The defendant's August 14, 2009 motion for a new trial was filed thirteen years after the expiration of the limitations period set forth in § 52-582. Accordingly, the defendant was barred from pursuing a petition for a new trial pursuant to § 52-270 in the present proceeding.

v. *Morrison*, 39 Conn. App. 632, 635, 665 A.2d 1372, cert. denied, 235 Conn. 939, 668 A.2d 376 (1995). As our Supreme Court has explained, "General Statutes § 51-14 (a) authorizes the judges of the Superior Court to promulgate rules regulating pleading, practice and procedure in judicial proceedings . . . . Such rules shall not abridge, enlarge or modify any substantive right *nor the jurisdiction of any of the courts.*" (Emphasis added; internal quotation marks omitted.) *State* v. *Lawrence*, 281 Conn. 147, 155, 913 A.2d 428 (2007).

Read in light of that precedent, we agree with the state's position that, mindful of the court's jurisdictional limitations, Practice Book § 42-54 authorizes the trial court in a criminal case to entertain a motion for a new trial filed pursuant to Practice Book § 42-53 only prior to the termination of its jurisdiction upon sentencing. As our Supreme Court reasoned in resolving a related claim concerning motions to withdraw guilty pleas, "Practice Book § 39-26 merely recognizes the general or common-law grant of jurisdiction, regulates the procedure by which that jurisdiction may be invoked, and acknowledges that, absent a legislative grant, jurisdiction does not continue indefinitely, once invoked, but, rather, terminates with the conclusion of the proceeding at which the sentence is imposed." *State* v. *Reid*, 277 Conn. 764, 776 n.14, 894 A.2d 963 (2006); see also *State* v. *Luzietti*, 230 Conn. 427, 432, 646 A.2d 85 (1994) (trial court lacks jurisdiction to grant motion for judgment of acquittal "when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence"). The same logic applies in the present case, as the Supreme Court, in explaining the distinction between the petition for a new trial pursuant to General Statutes § 52-270 and the motion for a new trial brought pursuant to the rules of practice, has emphasized that "a motion for a new trial is filed in a case then in progress or pending and is merely a

gradation in that case leading to a final judgment." *State v. Asherman,* 180 Conn. 141, 144, 429 A.2d 810 (1980); see also *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575, 87 A.2d 137 (1952) (observing that motion for new trial "contemplates that action on the motion shall be taken while the court has power to modify its judgment"). We therefore conclude that the court properly determined that it lacked jurisdiction to entertain the defendant's motion for a new trial filed pursuant to Practice Book §§ 42-53 and 42-54 and brought sixteen years after the imposition of his sentence.

The judgment is affirmed.

In this opinion the other judges concurred.