## STATE OF CONNECTICUT *v.* GEORGE EARL SMITH
### (6480)

DALY, NORCOTT and FOTI, Js.

Argued May 31—decision released August 16, 1988

*Paul D. Eschuk,* assistant public defender, for the appellant (defendant).

*Raymond J. Doyle, Jr.,* assistant state's attorney, for the appellee (state).

NORCOTT, J. The defendant was convicted, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). The defendant now appeals from the trial court's subsequent denial of his "petition for a new trial," pursuant to General Statutes § 52-270,[1] which petition was based on his claim

[1] General Statutes § 52-270 provides in pertinent part: "(a) The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable

of newly discovered evidence. The defendant's "petition for a new trial" was filed as a part of the criminal proceeding below.

The resolution of this appeal requires little discussion. It is conceded by all parties to this appeal that the defendant failed to bring a separate action but instead filed his "petition for a new trial" within the technical confines of the docketed criminal case. "A petition for a new trial is properly 'instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which the new trial is sought, it is by its nature a distinct proceeding.' " *State* v. *Servello,* 14 Conn. App. 88, 101, 540 A.2d 378 (1988), quoting *State* v. *Asherman,* 180 Conn. 141, 144, 429 A.2d 810 (1980). Our Supreme Court has established the rule that "[t]he defendant must bring a petition under [Practice Book] § 904 [in a separate proceeding instituted by writ and complaint served on the adverse party] if he wishes to seek a new trial based on newly discovered evidence." *State* v. *Jones,* 205 Conn. 723, 728–30, 535 A.2d 808 (1988).[2] The trial court should have dismissed the defendant's petition because it did not have subject matter jurisdiction to rule on the improperly brought "petition for a new trial."

There is error in the form of the judgment, the order denying the defendant's petition for a new trial is set

cause, according to the usual rules in such cases. The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in case where the parties or their counsel have not adequately protected their rights during the original trial of an action."

[2] Practice Book § 904 provides: "A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes § 52-270. The judicial authority may grant the petition even though an appeal is pending."

aside and the case is remanded with direction to dismiss the defendant's petition for a new trial.

In this opinion the other judges concurred.

