The plaintiff instituted the present action alleging that a marital separation agreement between the parties, which was approved by the court, was procured as a result of the fraud and misrepresentations of the defendant in failing to disclose his ownership of stock. Plaintiff also alleges that there was a mutual mistake with respect to the evaluation of a parcel of real property. Plaintiff claims that the separation agreement be declared null and void; that the judgment entered by the court be set aside; and that the plaintiff be granted a new trial. CT Page 5578
The defendant has moved to dismiss the action asserting that the defendant is a resident of the State of Maryland and that the plaintiff's attempt to effect service of process by service on the Secretary of State with a certified letter to the defendant pursuant to the provisions of General Statutes 52-59b, constitutes invalid service. Plaintiff asserts that service must be made pursuant to the provisions of 52-57a which provides that a person subject to the jurisdiction of the courts of this State "may be served with process without the state, in the same manner that service is made within the state, by any person authorized to make service by the laws of the state . . . in which service is to be made." The plaintiff also asserts that since the matter is ancillary to the dissolution of a marriage, notice to a nonresident party is properly given pursuant to provisions of General Statutes 46b-46 which provides, in subsection (a) thereof, that "[O]n a complaint for dissolution, annulment or legal separation, if the defendant resides out of or is absent from the state or the whereabouts of the defendant is unknown to the plaintiff, any judge or clerk of the supreme court or the superior court may make such order of notice as he deems reasonable."
The defendant claims that a petition for a new trial is ancillary to the original action. See Alling v. Levitt, 112 Conn. 586, 591
(1931); Dudley v. Hull, 105 Conn. 710, 714 (1927). Defendant therefore asserts that the present lawsuit does not constitute a "cause of action" within the meaning of General Statutes 52-59b(a) and, therefore, that section cannot be utilized for service of process. However, "[A] petition for a new trial is properly instituted by a writ and complaint served on the adverse party; although it is collateral to the action in which the new trial is sought, it is by its nature a distinct and separate proceeding." In re: Clifton B., 15 Conn. App. 367, 370 (1988). General Statutes46b-46 provides that a judge "may" make an order of notice and General Statutes 52-57a provides that service of process "may" be served out of the state in the same manner as service was made with the state. The language employed in both statutes is permissive and is not mandatory. See Anderson v. Schibi, 33 Conn. Sup. 562,567 (1976). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Souper Spud, Inc. v. Aetna Casualty and Surety, Co., 5 Conn. App. 579, 581
(1985). The plaintiff in the present matter sets forth a factual basis for a claim of relief and, accordingly, the service and process pursuant to General Statutes 52-59b(a) is not precluded.
Accordingly, the Motion to Dismiss the action is hereby denied.
The defendant also claims that the petition in the present action CT Page 5579 was filed in the civil division and therefore the matter should be dismissed since the case is properly within the family divisions. The divisions of the Superior Court were not created to impose jurisdictional limitations on judges but rather to achieve greater efficiency in the administration of the Judicial Branch. Savage v. Aronson, 214 Conn. 256, 262 (1990).
The Motion to Dismiss is denied with respect to the second ground for dismissal asserted by the defendant and the matter is hereby transferred to the Family Division.