WATERWORKS *v.* REAL AUDET ET AL.
(10995)

Foti, Landau and Freedman, Js.

Argued November 3—decision released December 22, 1992

---

[5] See footnote 2, supra.

*Elizabeth Audet,* pro se, the appellant (defendant).

*Jack L. Grogins,* for the appellee (plaintiff).

PER CURIAM. The pro se defendants appeal from the denial of their "petition for a new trial" filed on December 10, 1991, following a judgment rendered against them on May 24, 1991.

"The threshold question that must be determined is whether this court has jurisdiction over the appeal. Although this issue was not raised by the parties, the court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." *Sasso* v. *Aleshin,* 197 Conn. 87, 89, 495 A.2d 1066 (1985).

A petition for a new trial in a civil matter is governed by General Statutes § 52-270. "The petition is instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which a new trial is sought, it is by its nature a distinct proceeding." *State* v. *Asherman,* 180 Conn. 141, 144, 429 A.2d 810 (1980). Here, the defendants' "petition for a new trial" was not served separately by writ and complaint. The failure to bring a petition for a new trial as a separate proceeding deprives the trial court of subject matter jurisdiction. *In re Clifton B.,* 15 Conn. App. 367, 370, 544 A.2d 666 (1988); *State* v. *Servello,* 14 Conn. App. 88, 101–102, 540 A.2d 378, cert. denied, 208 Conn. 811, 545 A.2d 1107 (1988). Therefore, the defendants' pleading was, in fact, an improperly brought "petition for a new trial." The trial court

should have dismissed it because the court lacked subject matter jurisdiction. *State* v. *Smith,* 15 Conn. App. 502, 503, 545 A.2d 1150 (1988).[1]

The form of the judgment is improper, the order denying the petition for a new trial is reversed and the case is remanded with direction to dismiss the petition.

---

[1] The court "denied" the "petition for a new trial" and, even if we conclude that the trial court treated this as a *motion* for a new trial, which is governed in a civil action by Practice Book § 320, the appeal should be dismissed for lack of a final judgment. A motion for a new trial must be brought within five days after the day judgment is rendered. The granting or denial of a motion for a new trial, however, is not an appealable final judgment. *State* v. *Asherman,* 180 Conn. 141, 143, 429 A.2d 810 (1980); *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575, 87 A.2d 137 (1952); *State* v. *Kemp,* 124 Conn. 639, 644, 1 A.2d 761 (1938). It therefore follows that the defendants' appeal from the court's denial, even if treated by the trial court as a motion for a new trial, is not taken from a final judgment. "Since the lack of a final judgment is a jurisdictional defect, the appeal must be dismissed." *Guerin* v. *Norton,* 167 Conn. 282, 284, 355 A.2d 255 (1974).