[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PETITION FOR A NEW TRIAL
The defendant has petitioned for a new trial after having been convicted of Sexual Assault in the first degree and Unlawful Restraint in the first degree in violation of General Statutes53a-70(a) and 53a-95(a) respectively on February 17, 1984 after a jury trial. He was sentenced on March 30, 1984 to a total effective sentence of six years and served that sentence. His conviction was affirmed by the Appellate Court at 8 Conn. App. 387
on August 5, 1986. Subsequently, the Connecticut Supreme Court affirmed the conviction at 205 Conn. 39 on August 18, 1987.
The defendant filed a "Petition for a New Trial" dated December 17, 1992 with the Clerk of the Court that was received and docketed on February 3, 1993. The petition was brought more than three years after Shashaty's sentencing and more than three years after he lost his last appeal at the Supreme Court level. CT Page 3392
The State was not summoned as a defendant by summons or citation, nor was there service of process on the State by a sheriff of the new trial petition. It cannot be said, therefore, that the petition for a new trial was brought as a separate proceeding.
The State has now moved to dismiss the petition because Mr. Shashaty was convicted on March 30, 1984 and sentenced to a total effective sentence of six years and pursuant to 52-582, "[n]o petition for new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of."
Additionally, the State claims that the plaintiff failed to bring his petition for a new trial as a separate proceeding and pursuant to the holding in Waterworks v. Audet, 29 Conn. App. 722
(1992), "the failure to bring a petition for new trial as a separate proceeding deprives the trial court of subject matter jurisdiction." Finally, the State asserts that it was never served with a complaint or any form of process in this action, that the complaint is not signed by the defendant or anyone who might be required by law to do so, there is no return date on the complaint. and that these defects deprive the court of jurisdiction.
A petition for a new trial "is instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which a new trial is sought, it is by nature a distinct proceeding." State v. Asherman, 180 Conn. 141,144 (1980). As the court stated in Waterworks v. Audet, 29 Conn. App. 722,723 "here, the defendant's petition for a new trial was not served separately by writ and complaint. The failure to bring a petition for a new trial as a separate proceeding deprives the trial court of subject matter jurisdiction." In Re Clifton B.,15 Conn. App. 367, 370 (1988); State v. Servello, 14 Conn. App. 88,101-102, cert. denied, 208 Conn. 811, (1988). Therefore the defendant's pleading is in fact an improperly brought "Petition for a New Trial" requiring dismissal for lack of subject matter jurisdiction. See State v. Smith, 15 Conn. App. 502 (1988). For that reason, the case should be dismissed.
The Court also notes that the form of process does not meet legal requirements. The complaint is not signed. There is no summons and citation. In short, there is no basis to confer jurisdiction on the court for the separate proceeding which is required to bring a petition for a new trial. CT Page 3393
Finally, the plaintiff brought this action more than three years after the date of judgment complained of and therefore the statute indicating that "[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of" requires dismissal of his petition.
For all the reasons cited, the petition for a new trial is dismissed.
FLYNN, J