## JOHN DOE *v.* STATEWIDE GRIEVANCE COMMITTEE (AC 18617)

O'Connell, C. J., and Hennessy and Vertefeuille, Js.

Argued October 20—officially released December 28, 1999

*Max F. Brunswick*, for the appellant (plaintiff).

*Cathy A. Dowd*, assistant bar counsel, for the appellee (defendant).

PER CURIAM. The principal issue presented by this appeal is whether an attorney against whom a grievance complaint has been filed with the statewide grievance committee (committee) must exhaust available administrative remedies before seeking judicial recourse from an adverse ruling of the committee. The plaintiff attorney, proceeding anonymously, appeals from the trial court's judgment denying his request permanently to enjoin the committee from proceeding with a public hearing on certain alleged violations of the Rules of Professional Conduct. The committee moved to dismiss this action, claiming that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies by completing the public hearing already initiated and exhausting the remaining procedures set forth in Practice Book § 27J, now § 2-35. The trial court denied the committee's motion to dismiss. The trial court thereafter denied the plaintiff's request for injunctive relief.

Subsequent to the filing of briefs in this appeal, our Supreme Court decided *Johnson* v. *Statewide Grievance Committee*, 248 Conn. 87, 101, 726 A.2d 1154 (1999), holding that an attorney must exhaust his or her administrative remedies available through the grievance process before seeking judicial review or intervention. The Supreme Court rejected the claim, similar to the one made in the present case, that the attorney should not be required to exhaust his administrative remedies because of the harm to his practice and his reputation that would result from proceeding with the public hearing before the reviewing subcommittee. In rejecting the claim, the Supreme Court noted that the plaintiff had "failed to establish that any conceivable harm he might suffer as a result of a public hearing . . . would rise to a level warranting equitable intervention by the Superior Court." Id., 107.

In light of *Johnson*, the committee's motion to dismiss for failure to exhaust administrative remedies should be granted. The form of the judgment in favor of the committee is therefore improper. See *Waterworks* v. *Audet*, 29 Conn. App. 722, 617 A.2d 932 (1992).

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's action.