[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Shannon Rogelstad, was convicted after trial by jury of risk of injury to a minor in violation of Connecticut General Statutes § 53-21(1) and a lesser included offense of assault in the third degree in violation of § 53a-61. The defendant was acquitted on the CT Page 15254 charge of assault in the second degree. Connecticut General Statutes § 53a-60.
The defendant filed a motion captioned "Memorandum of Law in Support of Motion for a New Trial Based on New Evidence."
Specifically, the defendant claims the newly discovered evidence consisted the following: (1) four written statements Erik made following trial, he states Gilbert manipulated him into lying to the police; (2) treatment notes of a social worker and emergency room physician from Yale Hospital dated April 8, 2000, regarding an injury that Erik suffered while playing at McDonald's which resembled the injuries that the jury found were inflicted by the defendant; and (3) notes made by the Aces Mill Road School nurse describing the April 8, 2000 injury and a similar injury on September 27, 1999.
"A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes § 52-270." Practice Book §42-55. "In deciding upon a petition for a new trial, the function of the trial court is to determine whether the evidence presented at the hearing on the petition together with the evidence presented at the original trial warrants the granting of the petition." Demers v. State,209 Conn. 143, 148, 547 A.2d 28 (1988); see also Asherman v. State,202 Conn. 429, 434, 521 A.2d 578 (1987).[1] Indeed, the Supreme Court has stated that "[t]he primary test for determining whether a new trial should be granted because of newly discovered evidence is whether an injustice was done and whether it is probable that on a new trial a different result would be reached." (Internal quotation marks omitted)Summerville v. Warden, 229 Conn. 397, 425-26, 641 A.2d 1356 (1994); see also Demers v. State, supra, 209 Conn. 148-49.[2]
"A petition for a new trial is properly instituted by a writ and complaint served on the adverse party; although such an action . . . in which a new trial is sought, it is by its nature a distinct proceeding." (Internal quotation marks omitted.) State v. Myers, 242 Conn. 125, 135,698 A.2d 823 (1997), remand for articulation, 244 Conn. 683, 711 A.2d 704
(1998); see also State v. Asherman, 180 Conn. 141, 144, 429 A.2d 810
(1980); State v. Smith, 15 Conn. App. 502, 503, 545 A.2d 1150 (1988);State v. Servello, 14 Conn. App. 88, 101, 540 A.2d 378, cert. denied,208 Conn. 811, 545 A.2d 1106 (1988). Indeed, "[t]he failure to bring a petition for a new trial as a separate proceeding deprives the trial court of subject matter jurisdiction." Waterworks v. Audet, 29 Conn. App. 722,723, 617 A.2d 922 (1992)
In the present case, although not dispositive, the defendant filed a CT Page 15255 motion captioned "Motion for a New Trial Based on New Evidence" pursuant to General Statutes § 52-270 and Practice Book §§ 42-53 and 42-55. See State v. Myers, supra, 242 Conn. 135. Specifically, the defendant argues that the court should grant a new trial based on evidence that she claims was unavailable at the time of her trial. Because a motion for a new trial based on newly discovered evidence is called a petition for a new trail and should be brought pursuant to § 52-270; see Practice Book § 42-55; the court finds that the defendant's motion for a new trial is, in fact, an improperly brought petition for a new trial. SeeWaterworks v. Audet, supra, 29 Conn. App. 723.
 In State v. Servello, supra, 101, the Appellate Court noted that the defendant did not follow that procedure and that "[t]he defendant filed his `petition for new trial' within the technical confines of the docketed criminal case. No separate civil action was brought." The court in Servello indicated that "[w]e are presented, then, with the question of whether the defendant's failure to bring a petition for a new trial in. a separate action deprived the trial court of subject matter jurisdiction to rule on the petition. . . . [T]he trial court should have dismissed the defendant's petition for a new trial because it was improperly brought. and we do not review the trial court's denial of that petition." Id., 101-102; see also State v. Saraceno, 15 Conn. App. 222, 250-51, 545 A.2d 1116, cert. denied, 209 Conn. 823, 824, 552 A.2d 430, 431 (1988); State v. Smith, 15 Conn. App. 502, 503, 545 A.2d 1150
(1988).
State v. Myers, supra, 242 Conn. 135.
The motion in the present case clearly does not meet the requirements of a petition for a new trial, and accordingly, the defendant's petition is dismissed.
Holden, J.