## TOWN OF REDDING *v.* ELFIRE, LLC, ET AL.
### (AC 21912)

Lavery, C. J., and Mihalakos and Bishop, Js.

Argued September 20, 2002—officially released January 14, 2003

*James A. Curran*, for the appellant (named defendant).

*Adam J. Cohen*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. In this tax foreclosure action, the defendant Elfire, LLC,[1] appeals from the judgment rendered by the trial court ordering foreclosure by sale. On appeal, the defendant claims that the court improperly rendered summary judgment as to liability in favor of the plaintiff town of Redding. Specifically, the defendant claims that the court improperly determined that (1) there existed no genuine issue of material fact, (2) the defendant's special defense of invalid tax assessment was time barred and (3) Special Acts 1999, No. 99-7, § 1, validated any defect in the assessment. We agree with the defendant's first claim and, therefore, reverse the judgment of the trial court.[2]

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On

---

[1] The plaintiff also named Walter G. Spilsbury, doing business as Victoria Investment Fund, as a defendant in this action. Spilsbury, however, was defaulted for failure to appear and is not involved in this appeal. In this opinion, therefore, we refer to Elfire, LLC, as the defendant.

[2] Although our disposition of the defendant's first claim disposes of this appeal, we will address its second claim because it is likely to arise on remand. Further, on the basis of our resolution of the second claim, we need not address the defendant's third claim.

October 26, 1999, the plaintiff commenced this tax foreclosure action against the defendant for unpaid property taxes that had been assessed for the years 1994 through 1998 on certain real property at 8 Packer Brook Road. The defendant acquired the subject property by quitclaim deed dated September 15, 1995, and recorded in the land records on September 18, 1995. The plaintiff sought a judgment of strict foreclosure to satisfy the tax liens that it held on the property.

In its amended complaint, dated January 3, 2000, the plaintiff indicated that the property that it sought to foreclose was the property described in "Exhibit A." Exhibit A, which the plaintiff attached to the amended complaint, described the property in relevant part as follows: "All that certain piece or parcel of land situated in the Town of Redding . . . shown and designated as Lot No. 4 on a certain map . . . which map is filed in the Redding Town Clerk's Office as *Map No. 2009.*" (Emphasis added.) The certificates of continuing tax lien filed by the plaintiff also referred to map no. 2009 in describing the liened property.

On February 7, 2000, the plaintiff filed a motion for summary judgment on the ground that it had established the prerequisites for tax foreclosure set forth in Practice Book § 10-70.[3] At the hearing on the plaintiff's motion,

---

[3] Practice Book § 10-70 provides: "(a) In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) The ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) (to be used only in cases where the lien has been continued by certificate) that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section.

"(b) When the lien has been continued by certificate, the production in court of the certificate of lien, or a certified copy thereof, shall be prima facie evidence that all requirements of law for the assessment and collection of the tax or assessment secured by it, and for the making and filing of

the defendant contended that there was a discrepancy between the description of the property being foreclosed and the property that was assessed for taxation and that plaintiff's assessment was invalid because it was assessed on an illegal map. Specifically, the defendant argued that in assessing the property, the plaintiff's tax assessor had relied on map no. 3752, which is a map of a proposed subdivision that was never approved by the plaintiff's planning commission. The description of the subject property in map no. 3752 is different from the description in map no. 2009.[4]

On March 6, 2000, the court denied the plaintiff's motion for summary judgment on the ground that the defendant had raised a genuine issue of material fact with respect to the property's description. The court denied the motion without prejudice to its renewal after the plaintiff amended its complaint to rectify the discrepancy between the maps. On April 7, 2000, the plaintiff filed its fourth amended complaint, which is identical to the January 3, 2000 amended complaint except that it changes the description of the property in the attached exhibit A. The amended exhibit A describes the property being foreclosed in relevant part as follows: "All that certain piece or parcel of land situated in the Town of Redding . . . shown and designated as Revised Lot 4 on a certain map . . . which map is on file in the Redding Town Clerk's Office as *Map 3752.*" (Emphasis added.)

The plaintiff filed a "renewed" motion for summary judgment on its fourth amended complaint. At the hear-

the certificate, have been duly and properly complied with. Any claimed informality, irregularity or invalidity in the assessment or attempted collection of the tax, or in the lien filed, shall be matter of affirmative defense to be alleged and proved by the defendant."

[4] Map no. 3752 revised the subject property's lot line, increasing slightly the property's total acreage. The additional property came from an adjoining parcel that is now owned by the defendant.

ing on the plaintiff's motion, the defendant again contended that the plaintiff's assessment was invalid because it was done on an illegal map. The defendant also argued that the fourth amended complaint failed to rectify the factual discrepancy concerning the description of the property and, in fact, made matters worse by purporting to foreclose on property the description of which is at variance with the description in the certificates of tax lien. In response, the plaintiff argued that the defendant's challenges to the validity of the assessment were time barred pursuant to General Statutes §§ 12-111 and 12-119, and that Special Acts 1999, No. 99-7, § 1, validated any alleged defect in the assessment. The plaintiff also argued that the defendant's tax liability was not affected by the discrepancy between the maps with respect to the property's description.

On June 12, 2000, the court granted the plaintiff's motion for summary judgment. In its oral decision, the court stated that "there is no genuine issue as to any material fact in light of the filing of the amended complaint." On February 26, 2001, the court ordered foreclosure by sale and set the sale date of June 16, 2001. On May 16, 2001, the defendant filed the present appeal.

I

The defendant first claims that the court improperly granted the plaintiff's motion for summary judgment because there exists a genuine issue of material fact as to the proper description of the property that is the subject of the foreclosure. We agree.

"Our standard of review of a court's decision to grant a motion for summary judgment is well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the court rendered judgment for the [plaintiff] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Mulla* v. *Maguire*, 65 Conn. App. 525, 530–31, 783 A.2d 93, cert. denied, 258 Conn. 934, 785 A.2d 229 (2001).

"To defeat a motion for summary judgment, a nonmovant must recite specific facts that contradict those stated in the movant's documents to show there exists a genuine issue of fact for trial." (Internal quotation marks omitted.) *Forte* v. *Citicorp Mortgage, Inc.*, 66 Conn. App. 475, 485, 784 A.2d 1024 (2001). In the present case, the defendant submitted considerable evidence that supports its contention that the description of the property being foreclosed, as described in the fourth amended complaint, is at variance with that of the property that actually was liened by the plaintiff, as described in the certificates of tax lien.[5] Moreover, the defendant offered evidence that the fourth amended complaint purports to foreclose on the property as it

[5] In support of its objection to the plaintiff's motion for summary judgment, the defendant submitted, inter alia, an updated survey map certified to A-2 accuracy (map no. 4002), an affidavit of a licensed surveyor, map nos. 2009 and 3752, and the certificates of continuing tax lien.

is described in an illegal map that never was approved by the defendant's planning commission.

The evidence submitted by the defendant in opposition to the plaintiff's motion for summary judgment provides an evidentiary foundation that demonstrates that a genuine issue of material fact exists as to the proper description of the property that is the subject of the foreclosure. Although it is undisputed that the defendant's tax liability is not affected by the discrepancy between the maps with respect to the property's description, this court declines to affirm the foreclosure judgment because it is based on what appears to be an incorrect description of the subject property in an illegal map.[6] Accordingly, we conclude that the court improperly granted the plaintiff's motion for summary judgment.

## II

The defendant also claims that the court improperly determined that its special defense of invalid tax assessment was time barred.[7] We disagree.

It is well settled that if the defendant wanted to challenge the validity of the assessments, it was required to follow the appropriate statutory procedures, either by (1) timely appealing from the assessments to the

---

[6] If we were to affirm the judgment, we would be validating an illegal map and permitting an incorrect description of the subject property to be placed in the land records. That likely would mislead title searchers and create title problems. Despite the plaintiff's urging, we decline to compromise the sanctity of title by clouding the marketable title of the property in that manner. See *Second National Bank of New Haven* v. *Dyer*, 121 Conn. 263, 268, 184 A. 386 (1936) ("policy of this State [is] that purchasers of interests in real estate are entitled to rely upon the land records as disclosing the true title"); *Hodge* v. *Hodge*, 178 Conn. 308, 322, 422 A.2d 280 (1979) ("[a] state has 'strong interests in assuring the marketability of property within its borders' ").

[7] As previously stated, we address the defendant's claim because the issue is likely to arise on remand. See footnote 2.

board of assessment appeals pursuant to General Statutes §§ 12-111 and 12-112,[8] and from there by timely appealing to the court pursuant to General Statutes § 12-117a,[9] or (2) timely bringing a direct action pursuant to § 12-119.[10] See *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 12–14, 730 A.2d 1128 (1999).

"[A] taxpayer who has failed to utilize the available statutory remedies [may not] assert, in an action to collect a tax . . . that the tax has not been properly

[8] General Statutes § 12-111 provides in relevant part: "Any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals. Such appeal shall be filed, in writing, on or before February twentieth. . . ."

General Statutes § 12-112 provides in relevant part: "No appeal from the doings of the assessors in any town shall be heard or entertained by the board of assessment appeals . . . unless written appeal is made on or before February twentieth in accordance with the provisions of section 12-111."

[9] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, October 1, 1994, or October 1, 1995, and with respect to the assessment list for assessment years thereafter, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

[10] General Statutes § 12-119 provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation and shall be served and returned in the same manner as is required in the case of a summons in a civil action, and the pendency of such application shall not suspend action upon the tax against the applicant. . . ."

assessed. . . . The rationale for this rule is the need on the part of the government for fiscal certainty. A municipality, like any governmental entity, needs to know with reasonable certainty what its tax base is for each fiscal year, so that it responsibly can prepare a budget for that year. . . . Public policy requires, therefore, that taxes that have not been challenged timely cannot be the subject of perpetual litigation, at any time, to suit the convenience of the taxpayer. . . . A taxpayer who has not sought redress in an appropriate manner is foreclosed from continuing litigation outside [those] statutes." (Citations omitted; internal quotation marks omitted.) Id., 14–15.

In the present case, the tax assessments at issue were assessed for the years 1994 through 1998. The defendant concedes that it has not challenged the validity of those assessments pursuant to appropriate statutory procedures previously stated, and the statutory time limits for doing so have long since expired. Accordingly, the court properly determined that the defendant's special defense of invalid tax assessment was time barred.[11]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[11] As previously stated, on the basis of our resolution of the defendant's first and second claims, we need not address the defendant's third claim. See footnote 2.